UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                      ORDER

ALBERT SMITH,                             19-CR-576 (CS)

              Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Albert Smith's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 45), and the Government's opposition thereto, (Doc. 48).

       On December 15, 2020, Defendant was sentenced principally to 60 months' imprisonment on his conviction for heroin conspiracy. (Doc. 41.) That sentence was the mandatory minimum term and the low end of his Sentencing Guidelines range of 60-71 months. (Doc. 44 ("PSR") at 31.) He has served approximately 20 months.

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Sentence reduction may be considered only if Defendant has exhausted his administrative remedies, meaning he must have applied to the Warden of his facility for a sentence reduction and waited at least thirty days for a response. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant does not purport to have done so; he represents only that he applied to serve his sentence on home confinement under 18 U.S.C. § 3624. Ordinarily this would mean that I am without authority to grant a sentence reduction. *See United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Roberts*, No. 18-CR-528, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020). But the Government has not raised exhaustion and has in fact conceded it, and therefore the exhaustion requirement is waived. *See, e.g., United States v. Gentille*, No. 19-CR-590, 2020 WL 1814158, at *3 (S.D.N.Y. Apr. 9, 2020) ("[Section] 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but rather is a claims-processing rule that the Government can waive by failing to raise an exhaustion argument."). I therefore proceed to the merits.

Defendant argues that his medical condition, along with the COVID outbreak at the Metropolitan Detention Center in Brooklyn and the impossibility of social distancing and other precautions in prison, constitute extraordinary and compelling circumstances. The Government

concedes that because Defendant's body mass index exceeds 30, and obesity is a condition identified by the Centers for Disease Control ("CDC") as presenting an increased risk for a severe case if one comes down with COVID-19, extraordinary and compelling circumstances exist.[1]

But those circumstances are outweighed by the § 3553(a) factors. Defendant has, as I said at sentencing, "an abysmal criminal history." (Doc. 48-1 at 17.) The instant offense was was his sixteenth conviction; his eighth drug offense; and his fifth felony. Twelve of those priors did not even count toward his criminal history category ("CHC") under the Guidelines, and he was still in CHC IV. He committed the instant offense while on supervised release for a previous federal conviction for which he was sentenced to ten years. That and previous significant sentences did not deter him. He also committed repeated drunk-driving offenses while on supervised release, highlighting the danger he presents to the community. At the time he was a 46-year-old adult, not an impulsive youth. He was not a street dealer, but rather sold several bundles (packs of ten glassines of heroin) at a time in transactions worth $550 to $1150. (PSR ¶ 9.) While there were mitigating circumstances relating to Defendant's commission of the instant offense – including his heroin addiction, which developed after he was prescribed opioids as the result of a work injury – they do not justify a sentence of only twenty months for an individual who has been committing crimes on and off for his whole adult life. While Defendant did do well on supervision for a couple of years, he then violated in spectacular fashion, through

---

[1]Further, according to his Presentence Report, Defendant regularly smoked marijuana for two decades, (PSR ¶ 79), and smoking is another risk factor. Defendant alleges that he suffers from asthma and high blood pressure – although these conditions were not mentioned in the PSR, (*see id.* ¶¶ 75-76 (apart from hand injury, Defendant has no other problems and is in good health)) – but the CDC has said only that these conditions *might* contribute to a severe case.

3

repeated drug sales and DUIs.  Reducing his sentence would not sufficiently account for the seriousness of the offense, Defendant's criminal history or the need to promote respect for the law.  It would not be just punishment, would insufficiently deter and would create unwarranted disparities.  In short, the § 3553(a) factors militate against release, despite the extraordinary and compelling circumstances.

    For the reasons stated above, the motion is denied.

Dated: February 8, 2020
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.